**E-FILED**
Friday, 01 August, 2008 02:32:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. _____ |
| | ) | |
| JOSHUA M. MUNROE and | ) | |
| TIFFANY MUNROE, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, Auto-Owners Insurance Company, by Wham & Wham, its attorneys, and for its Complaint for Declaratory Judgment against the defendants herein, states as follows:

NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations, more specifically, the amount of coverage, under an automobile insurance policy, being policy number 96-748-169-00, covering the period of September 13, 2006 through September 13, 2007.

2. The policy referred to above, attached hereto as Exhibit A, was issued to Wayne L. Wilkens dba Wayne Wilkens Trucking, a citizen of the State of Indiana and doing business as a trucking company.

3. That during the policy period, an automobile accident occurred in which the defendants claim injury as more particularly set forth hereafter.

-1-

4.    As a result of the injuries sustained by defendants in said auto accident, an action was initiated in the Southern District of Illinois, bearing cause number 07-cv-176-MJR, which remains pending.

5.    Plaintiff and defendants have entered into a Partial Release Agreement, a true copy of which is attached hereto as Exhibit B.

6.    The Partial Release Agreement provides that in exchange for the referenced payment therein, defendants have released and forever discharged the insured and his employees under the policy of insurance attached as Exhibit A, but reserved unto themselves the right to claim the limits of the involved insurance policy exceed $1 million, the amount plaintiff contends to be the policy limit.

<u>THE PARTIES</u>

7.    At all times herein, plaintiff, Auto-Owners Insurance Company, was and is a Michigan mutual company with its principal place of business in Lansing, Michigan, and doing business in Illinois.

8.    Defendants Joshua M. Munroe and Tiffany Munroe are husband and wife and citizens of the State of Missouri.

<u>JURISDICTION</u>

9.    This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

<u>VENUE - CENTRAL DISTRICT - URBANA DIVISION</u>

10.A. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the collision giving rise to the controversy occurred on the highways of Edgar County, Illinois, within this judicial district.

10.B. Pursuant to CDIL-LR 40.1, the basis for filing in the Urbana Division is proper in that the collision giving rise to the controversy occurred in Edgar County, Illinois.

<u>FACTUAL BACKGROUND</u>

11. A true copy of the policy of insurance that is in controversy is attached hereto, marked Exhibit A, and made a part hereof. Said policy includes the most recent amendments thereto prior to the occurrence.

12. On or about November 6, 2006, employees of Wayne L. Wilkens dba Wayne Wilkens Trucking, namely, Monty Murphy, Gerald Sturgeon and Roger Snyder, were each operating tractor trailers southbound on Route 1, south of said highway's intersection with Road 400th North, Edgar County, Illinois.

13. At or near said location, Defendant Joshua M. Munroe was operating a tractor trailer northbound on Route 1.

14. At the aforesaid time and place, a collision occurred resulting in a claim for personal injury by Joshua M. Munroe and his spouse, Tiffany Munroe, against Wayne Wilken dba Wayne Wilken Trucking, Monty Murphy, Gerald Sturgeon and Roger Snyder, which case is pending in the District Court for the Southern District of Illinois, bearing cause number 07-cv-176-MJR.

-3-

## THE POLICY

15.  Said policy incorporates a combined limit of liability provision which reads as follows:

COMBINED LIMIT OF LIABILITY  79539 (3-99)
Automobile Policy

It is agreed:

Under SECTION II - LIABILITY COVERAGE, 4. LIMIT OF LIABILITY is deleted and replaced by the following:

LIMIT OF LIABILITY

We will pay damages for bodily injury or property damage up to the limit of liability stated in the Declarations for this coverage. Such damages shall be paid as follows:

a.    The limit stated for "each occurrence" is the total amount of coverage and the most we will pay for damages because of or arising out of all bodily injury and property damages in any one occurrence.

b.    Subject to the provisions of a. above, the limit of liability applicable to a trailer, non-motorized farm machine or farm wagon which is connected to an automobile covered by this policy shall be the limit of liability stated in the Declarations for this coverage as it applies to such automobile. The automobile and connected trailer, nonmotorized farm machine or farm wagon are considered one automobile and do not increase the limit of liability.

c.    The limit of liability applicable to a trailer covered by this policy:

(1)  which is not connected to an automobile; or

(2)  which is connected to an automobile not covered by this policy;

shall be the limit of liability applicable to your automobile. If this policy covers more than one of your automobiles, the highest limit of liability applicable to any one such automobile shall apply.

d.    The limit of liability for this coverage may not be added to the limits for the same or similar coverage applying to other automobiles insured by

-4-

this policy to determine the amount of coverage available for any one occurrence regardless of the number of:

(1)  automobiles shown in the Declarations;

(2)  premiums charged in the Declarations or premiums paid;

(3)  claims presented or suits brought;

(4)  persons injured; or

(5)  automobiles involved in the occurrence.

All other policy terms and conditions apply.

16.  Exhibit A further incorporates a definition of "occurrence" as follows:

Occurrence means an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions. Exhibit A, Insuring Agreement, Section 1 – Definitions, Para. 6.

17.  Plaintiff contends the applicable coverage limit available for bodily injury or property damage by reason of the accident from which this suit arises to be $1 million.

18.  Plaintiff has paid to Defendants Joshua M. Munroe and Tiffany Munroe the remaining balance of the policy limit left payable, namely, $903,449.48.

19.  Defendants Joshua M. Munroe and Tiffany Munroe have accepted this payment and pursuant to the terms of Exhibit B, have released Wayne Wilkens d/b/a Wayne Wilkens Trucking, Monty G. Murphy, Gerald I. Sturgeon and Roger Snyder from any liability, but contend the applicable limit of liability for bodily injury and property damage to be $3 million.

-5-

20. By reason of the foregoing, an actual controversy exists between the plaintiff and defendants.

WHEREFORE, the plaintiff, Auto-Owners Insurance Company, requests the Court to enter a declaration of rights and declaratory judgment pursuant to 28 U.S.C. § 2201 that:

A.   That the limit of liability pursuant to the provisions of the policy attached hereto as Exhibit A for bodily injury and property damage for the accident from which plaintiff claims injury to be $1 million.

B.   For such other and further relief as the premises in equity may require.

Respectfully submitted,

s/ Daniel R. Price
Daniel R. Price        IL #6188928
ATTORNEYS FOR PLAINTIFF,
AUTO-OWNERS INSURANCE COMPANY
WHAM & WHAM ATTORNEYS
212 East Broadway, P.O. Box 549
Centralia, Illinois  62801
Phone: (618) 532-5621
Fax: (618) 532-5055
Email: drpwhamlawyers@aol.com

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Auto-Owners Insurance Company | Joshua M. Munroe and Tiffany Munroe |

| (b)   County of Residence of First Listed Plaintiff   Ingham County, MI | County of Residence of First Listed Defendant   St. Genevieve Cty., MO |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |

| (c)   Attorney's (Firm Name, Address, and Telephone Number)<br>Wham & Wham, PO Box 549, Centralia, IL 62801  618-532-5621 | Attorneys (If Known)<br>Stone Leyton & Gershman, PC, 7733 Forsyth Blvd, Ste.500, Clayton, MO  63105   314-721-7011 |
|---|---|

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 and 28 U.S.C. Section 1391

Brief description of cause:
Declaratory judgment action concerning parties' rights and obligations under auto insurance policy

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☐ Yes   ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | (See instructions):   JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

DATE
Aug. 1, 2008

SIGNATURE OF ATTORNEY OF RECORD
Dal R. R—

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|